CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 1 1 2017
JULIA C. DUDLEY, CLERK
BY: HMcOcreal
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:94-cr-40106-4 |
| v. | MEMORANDUM OPINION |
| PATRICK EARL FRANCIS,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Patrick Earl Francis, a federal inmate proceeding pro se, filed a motion titled, "Independent Action to Obtain Relief from Judgment or Order Pursuant to Rule 60 of Federal Rules of Civ. P." A Rule 60(b) motion that seeks to remedy some defect in a prior collateral review process should be deemed a "proper" motion to reconsider. United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003). However, a Rule 60(b) motion that seeks to add a new ground for collateral relief is in fact a second or successive collateral attack, regardless of how the motion is captioned. Calderon v. Thompson, 523 U.S. 538, 554 (1998).

Petitioner claims that he is "an African American [who] remains in federal prison under the 100-to-1 ratio that produce[s] significant racial disparities in sentencing[, and] [t]he Supreme Court in Buck[ v. Davis, 137 S. Ct. 759, 767 (Feb. 22, 2017)] . . . makes clear that there is no excuse for a Court to engage in perpetuating such discrimination or to sanction it by refusing to correct it." Paradoxically, Petitioner alleges both that "the instant motion does not challenge a previous ruling made by the section 2255 court. Instead, it[ i]s challenging a previous ruling, relating to procedural default or statute-of-limitations bar, that precluded a merits determination" for a prior § 2255 motion. Petitioner explains he "is not trying to present a new reason why he should be relieved of either his conviction or his sentence. . . . He is instead trying to reopen his existing Section 2255 proceeding and overcome a procedural barrier to its adjudication." Thus,

the motion speaks of Rule 60 and declares that it is trying to relate only to the disposition of an unidentified § 2255 motion.

Despite the statement to the contrary, the entire thrust of the motion is not that the court procedurally erred in the adjudication of the original § 2255 motion or the multitude of prior § 2255 motions already dismissed without prejudice as successive. Petitioner challenges the performance of counsel and alleged defects in the indictment, during trial, and at sentencing. The motion wholly fails to address any particular defect in the integrity of the federal habeas proceedings and instead attacks the validity of the conviction and sentence. Thus, the "Rule 60 motion" is neither a proper Rule 60 motion nor a mixed motion that blends challenges to the disposition of the prior § 2255 motion with challenges to a conviction or sentence. Cf. United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015); see, e.g., Gonzalez v. Crosby, 545 U.S. 524, 538 (2005).

Consequently, I treat the "Rule 60" motion as a second or subsequent motion under 28 U.S.C. § 2255(h). See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014); see also Francis v. United States, Nos. 7:99-cv-00420, 7:05-cv-00789, 7:05-cv-00363, 7:04-cv-00250, 7:99-cv-00420 (W.D. Va.). While Petitioner bases the instant motion on Buck, the Fourth Circuit has explained that a "change in law" does not qualify as a new "fact" for § 2255 purposes. Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014); cf. Hairston, 754 F.3d at 262.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As Petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court dismisses the construed § 2255 motion without prejudice as successive.

Based upon the court's finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 17th day of May, 2017.

/s/ Jackson L. Kiser
Senior United States District Judge